IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL NO. 3:20-CR-00105-FDW-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAKOTA REESE DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se letter requesting to discharge his counsel (document # 37) filed January 27, 2021.

The Court held a hearing in this matter on February 2, 2021 with appointed counsel Daniel Roberts representing Defendant. Defendant stated that he wanted to waive his right to counsel and represent himself.

The United States Supreme Court held in Faretta v. California, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self- representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

The Court conducted an inquiry pursuant to Faretta. Defendant is thirty-four years of age. He is able to hear and understand these proceedings. He has earned a GED as well as certifications in welding and mechanics. Defendant is currently on the prescription drug Lexipro for treatment

of post traumatic stress disorder. He also takes a prescription sleep aid. He is tolerating these medications and states that he is "managing pretty good" and "not getting angry." He affirmed his understanding of his right to retained or appointed counsel. The Court advised him that he would be expected to follow the law as well as all rules of evidence and procedure and would be held to the same standard as an attorney. He understands that the presiding judge must remain impartial and cannot assist him in any way as to defenses, jury selection, jury instructions, or any other matters. The Assistant U.S. Attorney summarized the charges as well as the minimum and maximum penalties upon conviction. Defendant understands the charges and the minimum and maximum penalties. Defendant did not pose any questions to the Court and reiterated his request to represent himself at the conclusion of the hearing.

Defendant's answers to the Court's questions and his statements during the hearing indicate that he has made a clear and unequivocal as well as a knowing, intelligent and voluntary decision to represent himself and waive his right to counsel. The Court also finds that Defendant understands the consequences of representing himself. Finally, the Court finds that the request is timely. Therefore, for the foregoing reasons, Defendant's request to represent himself is **GRANTED**.

The Court also addressed whether or not to appoint standby counsel. The Fourth Circuit has held that "[a]lthough a court may, in its discretion, allow attorney participation [as standby counsel], the Constitution does not mandate it." U.S. v. Stewart, 129 F. App'x 758, 765 (4th Cir. 2005) (quoting U.S. v. Singleton, 107 F.3d 1091, 1097 n.2, 1100 (4th Cir. 1997)). See also McKaskle v. Wiggins, 465 U.S. 168, 184 (1984)("A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel-even over the defendant's objection-to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the

defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense."). Given the totality of the circumstances and in an abundance of caution, the Court directs the Federal Defender to appoint standby counsel for Defendant.

The Clerk is directed to send copies of this Order to the pro se Defendant, counsel for the Government, standby counsel, and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: February 3, 2021

David S. Cayer
United States Magistrate Judge